**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1907**

In re: THOMAS BRUCE PARKER,

            Debtor,

-------------------------------

RICHARD M. MITCHELL, Chapter 7 Trustee,

            Plaintiff – Appellee,

      v.

THEODORE GREGG PARKER,

            Defendant – Appellant,

      and

THOMAS BRUCE PARKER; MARGARET JUNE PARKER SCHLAPHOHL; BETTY JEANNE PARKER,

            Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:08-cv-00373-MOC; 04-30593; 04-3051)

Submitted: January 31, 2012          Decided: February 16, 2012

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Theodore Gregg Parker, Appellant Pro Se. Heather W. Culp, Richard M. Mitchell, MITCHELL & CULP, PLLC, Charlotte, North Carolina; Jessica Virginia Shaddock, John Wesley Taylor, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following the authorized sale of real property, the bankruptcy court apportioned the net proceeds among four siblings, Theodore Gregg Parker, Betty Jeanne Parker, Margaret June Parker Schlaphohl, and Thomas Bruce Parker—whose interest became property of his bankruptcy estate—based on the terms of their mother's holographic will. The district court affirmed in part, and reversed in part, the bankruptcy court's determination.[*] Theodore Gregg Parker noted this appeal. We have reviewed the record and decisions of the bankruptcy court and the district court and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. See Mitchell v. Parker, Nos. 3:08-cv-00373-MOC; 04-30593; 04-03051 (W.D.N.C. Aug. 2, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] The district court noted an error in the bankruptcy court's determination of the amount of the reduction in mortgage principal attributed to Theodore Parker's payment of the mortgage and appropriately reversed in part to correct this error.

3